**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Adam Joseph PHIPPS, Defendant—
Appellant.**

**No. 07–50460.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 17, 2008.

Filed Aug. 4, 2008.

George D. Hardy, Anne K. Perry, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent James Brunkow, Esq., Assistant Appellate Supervisor, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: HALL, RYMER, and KLEINFELD, Circuit Judges.

MEMORANDUM *

The district court suppressed Adam Phipps's statements made before the *Miranda* warning but denied the motion to suppress the statements made after the *Miranda* warning. *See Miranda v. Arizona,* 384 U.S. 436, 444–45, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). After careful consideration of *Oregon v. Elstad,* 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985), *Missouri v. Seibert,* 542 U.S. 600, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004), and *United States v. Williams,* 435 F.3d 1148 (9th Cir.2006), the district court appropriately

---

* This disposition is not appropriate for publication and is not precedent except as provided    by 9th Cir. R. 36–3.

determined that the case fit within *Elstad*. On the record that was before the district court, the court's finding that there was no "two-step questioning technique based on a deliberate violation of *Miranda*" was not clearly erroneous. *Seibert*, 542 U.S. at 620, 124 S.Ct. 2601 (Kennedy, J., concurring). Because the district court made the finding by applying a preponderance of evidence standard and did not rely on an absence of evidence from a party bearing the burden of proof, we need not decide what party bears the burden of proof. *Cf. United States v. Ollie*, 442 F.3d 1135, 1142–43 (8th Cir.2006).

The district court found that the detectives interrogating Phipps at his home thought Phipps was free to go, and were not implementing a *Seibert* two-step interrogation scheme. The evidence established without contradiction that the police came to the house to execute a search warrant without any prearrangement to interrogate Phipps. Also, the interrogating deputy told Phipps he was free to go and meant it, and asked Phipps for his phone number so that the police could call him later if they had more questions.

We held in *Williams* that a more extensive evaluation considering the details of the contents of the statements is necessary "when an interrogator has deliberately employed the two-step strategy." *Williams*, 435 F.3d at 1160. Because the district court made a finding of fact that the interrogator did not deliberately employ the two-step strategy, and that finding is not clearly erroneous, that *Williams* analysis was unnecessary.

AFFIRMED.